FIRST AUBURN TRUST COMPANY *vs.* CARRIE E. AUSTIN ET AL.

Androscoggin.      Opinion March 29, 1933.

*George C. and Donald W. Webber*, for plaintiff.
*Herbert C. Holmes*, for defendants.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, JJ.

BARNES, J.    This is a cause in equity, coming forward on appeal from a decree of a Justice of the Superior Court.

Defendant, Carrie E. Austin, is a married woman. Her husband, Charles D. Austin, was adjudicated bankrupt on February 9, 1931.

Before that date he had become indebted to the plaintiff, as evidenced by his notes, in amount aggregating about $2600.00, and Mrs. Austin was an endorser of the notes.

Suit was brought on the notes, in October, 1931, and an execution issued against Mrs. Austin for the amount due.

Of this she has paid no part. Title to several parcels of land passed to Mr. Austin's trustee in bankruptcy.

The homestead farm of the bankrupt consisted of forty acres, containing the farm buildings, and another portion. The forty acres, most valuable part of the real estate, was entailed to Charles D. Austin for life, with remainder to his three daughters, so that upon sale by the trustee no bidder could be found for the homestead except Mr. Austin. For months sale was impossible, but, on February 15, 1932, the trustee sold his official interest in the homestead to purchasers produced by the Austin family, and on the same day Mrs. Austin released her rights therein by quitclaim deeds to the grantees of the trustee, and the homestead was turned over to the daughters with a bond for a deed.

The trustee did not avail himself of the method provided by statute for determining the value of the interest of the bankrupt's wife in the homestead. R. S., Chap. 89, Sec. 19.

He made computation and determined the value of such interest to be $380.00.

Promptly thereafter plaintiff brought the process herein, a creditor's bill, to reach this sum as payment on its execution against Mrs. Austin, and joined all proper parties as defendants.

Mrs. Austin received no money or other valuable consideration for her deed.

The bill alleges that fraud actuated the wife, and prays for a decree ordering the trustee and others to pay to it such $380.00 together with $30.00 additional, similarly computed to be the wife's interest in other parcels of land, by her released to other purchasers.

In his findings of fact the Justice makes no mention of fraud, and we find no evidence thereof.

However, he decreed that the bill be sustained, and that the purchasers of the homestead should pay to plaintiff the $380, with costs.

From the decree appeal was duly taken, and the decisive issue is whether a wife's interest in the real estate of her husband, bankrupt but still living, is to be appraised by a court in equity and appropriated to a creditor plaintiff.

The interest of a wife in the real estate of her husband comes to her at his decease, under our statutes, by descent. So long as the husband lives she has a mere inchoate, contingent right in his real estate.

Such right may never ripen into title. If she die before her husband, it is lost.

She may bar her right; or she may release it.

Such right she may bar by joining with him in a conveyance of real estate, or in a subsequent deed, or in a deed with the guardian of the husband: or by her sole deed. R. S., Chap. 89, Sec. 9.

She may release her right, such as it then is, during the lifetime of her husband by a deed with covenants of warranty. But by simple release deeds, such as were given by Mrs. Austin in this case, no title to real estate passed. She had nothing which she could convey, so long as her husband lived.

Her conveyances passed title to nothing of value in the homestead.

*Appeal sustained.*
*Decree below reversed.*